UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| B. J. TIDWELL INDUSTRIES, INC. d/b/a CARDELL KITCHEN & BATH CABINETRY, | § § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DIVERSIFIED HOME PRODUCTS, INC., JIM HINDMAN and IRENE CUELLAR, | § § § § § | SA-06-CA-0264 FB (NN) |
| Defendants/Counter-Plaintiffs. | § | |

## ORDER ON MOTION FOR SANCTIONS

This order addresses the motion for sanctions filed by plaintiff Cardell Kitchen and Bath Cabinetry (Cardell).[1] In its motion, Cardell asks the court to sanction defendants Diversified Home Care Products (Diversified), Jim Hindman, and Irene Cuellar, and non-party Shelley Bodkin, a former Diversified employee. Cardell maintains sanctions are appropriate because the defendants refused to produce eight boxes of documents relevant to the defendants' breach-of-contract counter-claim, despite Cardell's persistant efforts seeking discovery of documents relevant to the claim and a court order directing the defendants to produce the documents. Cardell complains that the late production of the documents resulted in unnecessary expense and delayed its efforts to defend itself against the counter-claim. Cardell asks for the relief listed below:

    a. bar the defendants from using the documents in prosecuting their breach-of-

---

[1] Docket entry # 113.

contract counter-claim,

b. order the defendants to pay Cardell's cost of copying and bate-stamping the eight boxes of documents,

c. order the defendants to pay Cardell's cost of reviewing the eight boxes of documents,

d. order the defendants to pay Cardell's cost of re-deposing Cuellar, Hindman and Bodkin in San Antonio on the issues raised by the information in the eight boxes,

e. order the defendants to pay Cardell's cost of preparing and filing the motion for sanctions, and

f. hold Diversified, Hindman and Bodkin in contempt for failing to produce the documents and sanction them in the amount of $1.00 per page for the documents in the eight boxes.

Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions when a party fails to comply with a discovery order. A court's discretion "in fashioning appropriate sanctions for parties who disobey their orders is quite broad . . . ."[2] In this case, I will exercise that discretion to sanction the defendants as indicated below.

<u>The defendants' use of the documents</u>. It is undisputed that documents in the eight boxes are relevant to Diversified's counter-claim and should have been produced. But if the documents undermine the defendants' counter-claim as Cardell's initial review suggests, no need exists to prevent the defendants from using the documents. I DENY Cardell's request to bar the defendants from using the documents in prosecuting its breach-of-contract counter-claim.

<u>Cost of copying and bate-stamping the documents</u>. Ordinarily, a party pays his own costs for copying and bate-stamping discovery materials. Cardell would have incurred the expense of copying and bate-stamping the documents even if the defendants had produced the documents

---

[2]*Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993).

when requested.  That the defendants failed to produce the documents even after being compelled to do so does not change the result.  I DENY Cardell's request to order the defendants to pay Cardell's cost of copying and bate-stamping the documents.

<u>Cardell's cost of reviewing the documents</u>.  A party is responsible for the cost of reviewing the documents it obtains through discovery.  Cardell would have incurred that cost even if the defendants had produced the documents when requested.  That the defendants failed to produce the documents until after the discovery period expired does not change the result.  I DENY Cardell's request to order the defendants to pay Cardell's cost of reviewing the documents.

<u>Cardell's cost to re-depose Cuellar, Hindman and Bodkin</u>.  Had Diversified produced the documents initially, Cardell could have asked Hindman and Bodkin about issues raised by the additional documents during their depositions.  Cardell has already had to depose Hindman twice.  Because the late production of the documents will likely require Cardell to depose Hindman and Bodkin again, and because Cardell has already deposed Hindman and Bodkin in Nashville, Cardell should not be required to return to Nashville to depose Hindman and Bodkin because the defendants' failure to produce the documents before the depositions necessitated the additional depositions.  I GRANT Cardell's request insofar as defendants are ordered to produce Cuellar, Hindman and Bodkin in San Antonio for any additional depositions noticed by Cardell.

<u>Cardell's cost of preparing and filing the motion for sanctions</u>.  Although the defendants maintain that the motion for sanctions was not necessary to compel production of the documents, Cardell incurred substantial expenses to obtain discovery which should have been produced without additional effort.  Even if Hindman and Bodkin did not know that the additional

documents existed, they should have known.  Bodkin explained during her deposition that Diversified prepared a job folder for each cabinetry job.  That the folders were mis-placed during Diversified's move does not negate the extra, unnecessary effort to obtain the documents.  Cardell has stated that its costs for preparing and filing the motion for sanctions was $5,000.00.  Finding this a reasonable amount, I GRANT Cardell's request and order the defendants to pay Cardell's cost of preparing and filing the motion for sanctions in the amount of $5,000, no later than January 31, 2008.

An order holding Diversified, Hindman and Bodkin in contempt for failing to produce the documents and sanctioning them.  The defendants consistently refused to produce responsive documents despite acknowledging that responsive documents existed.  Hindman's explanation that he relied on Bodkin's representation that all responsive documents had been produced and Bodkin's deposition testimony about how she selected documents to respond to Cardell's discovery requests does not change the fact that the defendants failed to produce responsive documents.  That failure prolonged this case by requiring the extension of the discovery period and delayed Cardell's opportunity to defend itself against the defendants' counter-claim.  Diversified and Hindman as counter-plaintiffs in this case should be punished for this result.  However, I conclude that requiring defendants to pay the costs of preparing and filing the motion for sanctions is an appropriate and adequate punishment.

Based on the foregoing, I GRANT the motion for sanctions (docket entry # 113) in part and DENY the motion in part, and I ENTER the following orders:

    a.  The defendants shall produce Cuellar, Hindman and Bodkin in San Antonio for any additional depositions noticed by Cardell.

b.  The defendants shall pay Cardell for the cost of its motion for sanctions in the amount of $5,000, no later than January 31, 2008.

**SIGNED** on December 27, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE